### *In re* FLYNN *et al.*

*(Supreme Court, General Term, Third Department.* November 22, 1892.}

GUARDIAN AND WARD—ACCOUNTING—MORTGAGE ON WARD'S PROPERTY.

   Where a guardian pays out money held by him for his ward, to satisfy a mortgage on the ward's property, he is not liable to account for interest on the money so paid out.

Appeal from surrogate's court, Saratoga county.

. John W. Flynn and Charles Pravis applied for an order to open a decree made on the final settlement of the account of Charles Leach, as guardian of Lettie Leach Brown. An order was made to open the decree, and Lettie Leach Brown appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*C. H. Sturges,* (*Winsor B. French,* of counsel,) for appellant.    *Edgar T. Brackett,* for respondents.

HERRICK, J. I think the order of the surrogate opening the decree should be sustained. For the purposes of this appeal it is not necessary to discuss all the items of the guardian's account, or to settle what should or should not be allowed upon his accounting. A brief reference to one or two considerations will suffice to show that there was something radically wrong in the first accounting. It appears from the case before us that the guardian received or was chargeable with $3,174; that of the amount received by him $1,600 was received September 22, 1877; $519, April 1, 1878; and $760.57, April 9, 1879; and that in 1882 he received $320 for wood sold and for a right of way. It will be noticed that these sums slightly exceed the total sum, $3,174, with which he has been charged. In making up his interest account, he is charged interest—

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Upon $2,119, from July 23, 1877, | - | - | - | - | $1,609 | 25 |
| Upon $735 from April 5, 1879, | - | - | - | - | 491 | 20 |
| Upon $320 from January 1, 1882, | - | - | - | - | 153 | 60 |
| Total, | - | - | - | - | - | $2,254 | 05 |

The first item, it will be observed, commences before he received the money, and upon a larger amount than he received that year. Now, while he is charged for interest upon the full amount that came into his hands, from the time, or before the time, of its receipt, down to the time of his accounting, it appears from the case that, as a matter of fact, the greater portion of the money received by him was paid out shortly after he received it, upon a mortgage on his ward's farm, as follows:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| October 1, 1877, | - | - | - | - | - | $1,500 | 00 |
| April 1, 1879, | - | - | - | - | - | 105 | 00 |
| May 5, 1879, | - | - | - | - | - | 900 | 00 |
| April 1, 1880, | - | - | - | - | - | 75 | 00 |
| April 11, 1880, | - | - | - | - | - | 139 | 60 |
| June 29, 1880, | - | - | - | - | - | 180 | 00 |
| August 21, 1881, | - | - | - | - | - | 300 | 00 |

Either he should not be charged with the interest after he had paid the money on the mortgage, or else he should, on the other hand, be credited with interest upon the amounts he paid on the mortgage from the time he made the respective payments. It may be that the guardian, being a tenant by the curtesy of the real estate upon which the mortgage was a lien, was legally liable to pay a portion of the mortgage personally; but how much his share would be, if any, it is not necessary to determine. In any event, the ward would have to pay a portion, if not all, of the mortgage; and, in the event of her father's inability to pay his proportion, it would be her guardian's duty, where the property was worth more than the mortgage, to save the property

to her by paying the mortgage out of moneys in his hands belonging to her. The mortgage was due; the tenant by the curtesy, impecunious. The guardian received $1,600, September 22, 1877. October 1, 1877, he paid $1,500 upon the mortgage. Yet he is charged interest upon the full amount received by him down to the time of settling his account, but receives no credit for interest upon the amount paid by him on the mortgage. Without considering any of the other questions, I think the error in the interest account alone was so serious as to justify the surrogate in opening the decree.

Let the order of the surrogate be affirmed, with costs. All concur.